UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HALEY D. SUPRENANT,<br>214 West Park Avenue<br>Hartland, Wisconsin 53029<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br>One Nationwide Boulevard<br>FSSC-RR<br>Columbus, Ohio 43215, and<br><br>CIELO, INC. GROUP HEALTH BENEFIT PLAN (D/B/A CIELO, INC.),<br>200 South Executive Drive, Suite 400<br>Brookfield, Wisconsin 53005,<br><br>   Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>UNITED STATES POSTAL SERVICE,<br>475 L'Enfant Plaza, SW<br>Washington, DC 20620, and<br><br>BRITTANY A. HEASLIP,<br>N9241 County Road G<br>Watertown, Wisconsin 53094,<br><br>   Defendants. | **CIVIL COMPLAINT**<br><br>Civil Case No.  2:22-cv-86<br>Case Type:  <u>Personal Injury</u> |

   The Plaintiff, Haley D. Suprenant, by and through her attorneys, Gruber Law Offices, LLC,

by attorneys Nicholas L. Hermann and Nicholas E. Petty, now comes forth before this Court and

complains of the United States Government, as follows:

**<u>JURISDICTION, VENUE, AND APPLICABLE LAW</u>**

   1.  These claims arise under the provisions of the Federal Tort Claims Act (hereinafter

"FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

2. Pursuant to 28 U.S.C. § 1346(b)(1), this Court has jurisdiction over this claim against Defendant United States of America for money damages.

3. Pursuant to 28 U.S.C. § 1402(b), venue is proper in the Eastern District of Wisconsin as the Plaintiff resides and has resided in the district all times material to this litigation.

4. Pursuant to the FTCA, 28 U.S.C. §§ 1346(b)(1), the Defendants' liability will be determined by the laws of the State of Wisconsin.

5. Pursuant to U.S.C. § 2674, the Defendants are liable "in the same manner and to the same extent as private individuals under like circumstances."

## CONDITIONS PRECEDENT TO SUIT

6. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through five (5) with the same force and effect as though fully set forth herein.

7. Pursuant to 28 U.S.C. §§ 2401(b) and 2675(a), on or about June 10, 2021, within two years of the accrual of the Plaintiff's claim, Plaintiff ,Haley D. Suprenant, sent a Standard Form-95 "Claim for Damage, Injury, or Death" (hereinafter "SF-95") along with supporting documentation to the United States Postal Service (hereinafter "USPS").

8. On or about June 14, 2021, the UNITED STATES POSTAL SERVICE (hereinafter "USPS") received the Plaintiff, Haley Suprenant's, SF-95.

9. On or about June 17, 2021, USPS Tort Claims Coordinator Kevin Goodman sent a letter to Plaintiff's counsel acknowledging the USPS's receipt of Ms. Suprenant's SF-95 stating the claim would be "given careful consideration by the United States Postal Service" and that Ms. Suprenant would be "advised regarding the outcome of the matter."

10. On or about July 8, 2021, Tort Claims Examiner/Adjudicator Kimberly A. Herbst sent a letter to Plaintiff's counsel "[t]his claim will be adjudicated as soon as possible but be aware that the Postal Service has six months from June 14, 2021 in which to adjudicate this claim."

11. That more than six months have passed since the Plaintiff, Haley Suprenant, first presented her claim to the appropriate federal agency, Defendant USPS, who has failed to make a final disposition of the claim. Pursuant to 28 U.S.C § 2675, Plaintiff Haley Suprenant now deems the failure of Defendant USPS to make final disposition of her claim within six months a final denial.

## THE PARTIES

12. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through eleven (11) with the same force and effect as though fully set forth herein.

13. Plaintiff, HALEY D. SUPRENANT (hereinafter "Suprenant"), is a citizen of the State of Wisconsin residing, presently and at all times material, in the Eastern District of Wisconsin. At the time of the incident that is the subject of this complaint, Ms. Suprenant resided at 20200 Poplar Creek Parkway, Unit #3, in Brookfield, Wisconsin 53045. Ms. Suprenant presently resides at 214 West Park Avenue in Hartland, Wisconsin 53029.

14. Plaintiff, NATIONWIDE INSURANCE COMPANY OF AMERICA, is a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business located at One Nationwide Boulevard, FSSC-RR, Columbus, Ohio 43215. Nationwide Insurance's registered agent for service of process is Corporation Service Company whose address is 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

15. Plaintiff, CIELO, INC. GROUP HEALTH BENEFIT PLAN (D/B/A CIELO, INC.), is a domestic corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 200 South Executive Drive, Suite 400, Brookfield, Wisconsin 53005. Plaintiff, CIELO, INC. GROUP HEALTH BENEFIT PLAN's (D/B/A CIELO, INC.), registered agent for service of process is Cielo, Inc., 200 South Executive Drive, Suite 400,

Brookfield, Wisconsin 53005.

16.     Defendant, UNITED STATES OF AMERICA (hereinafter "USA"), is the federal government and is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [their] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346. Defendant USA's liability is "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

17.     Defendant, UNITED STATES POSTAL SERVICE, (hereinafter, "USPS") is a "federal agency" pursuant to 28 U.S.C. § 2671. At all times material, Defendant, USPS, by and through its agents, servants, workmen, employees, and representatives, acted on behalf of Defendant, USA.

18.     Defendant, BRITTANY A. HEASLIP (hereinafter "Heaslip"), is an adult individual whose last known address was N9241 County Road G, Watertown, Wisconsin 53094. At all times material, Ms. Heaslip was an employee of the Defendant, USPS, acting within the course and scope of her employment with Defendant, USPS, and was an "employee of the government" pursuant to 28 U.S.C. § 2671.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE OF BRITTANY A. HEASLIP, USPS & USA**

19.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through eighteen (18) with the same force and effect as though fully set forth herein.

4

20. On May 23, 2020, at approximately 1:34 p.m., the Plaintiff, Suprenant, was the operator of a 2005 Yamaha Moped traveling west on West Madison Street proceeding toward the Pleasant Street intersection in Lake Mills, Wisconsin 53551.

21. At approximately the same time and place, the Defendant, Heaslip, acting as an "employee of the government" within the course and scope of her employment with Defendant, USPS, a federal agency, was the operator of a 2000 Ford Utilimaster truck owned or leased by the Defendant, USPS (hereinafter "USPS vehicle") and was traveling ahead of the Plaintiff, Suprenant, while also proceeding west on West Madison Street toward the Pleasant Street intersection.

22. Defendant, Heaslip, pulled the USPS vehicle to the northbound parking lane of westbound West Madison Street while the Plaintiff, Suprenant, continued to proceed west on West Madison Avenue.

23. As the Plaintiff, Suprenant, continued west on West Madison Street, the Defendant, Heaslip, while operating the USPS vehicle negligently attempted—without first activating her left turn signal and without keeping a proper lookout—a left turn across the roadway into a driveway across the street while failing to observe the Plaintiff, Suprenant, or the Moped she was operating.

24. As the Plaintiff, Suprenant, continued south on West Madison Street, the Defendant, Heaslip, negligently struck the Plaintiff, Suprenant's, vehicle and the Moped the Plaintiff, Suprenant, was operating while the Defendant, Heaslip, negligently, suddenly, and without warning attempted to complete the left turn across the roadway with the USPS vehicle the Defendant, Heaslip, was operating, causing the Plaintiff, Suprenant, to fall from her vehicle onto the pavement and causing serious and permanent injury to the Plaintiff, Suprenant.

25. The incident that is the subject of this complaint and the subsequent injuries sustained by the Plaintiff, Suprenant, were caused by the Defendant, Heaslip, operating her vehicle in an inattentive, careless, negligent and erratic manner and the Defendant, Heaslip's, failure to

5

follow the rules of the road; her failure to signal before attempting a left turn; her failure to maintain a proper lookout; her failure to maintain control of the USPS vehicle; her failure to yield the right of way; and the inattentive, careless, and all-around negligent manner in which she operated the USPS vehicle while in the course and scope of her employment with the Defendant USPS and as an "employee of the government" in the moments leading up to and through the occurrence of said incident.

26. Defendant, USA, is vicariously liable for the acts and omissions of the Defendant, Heaslip,—an "employee of the government," pursuant to 28 U.S.C. 2671—acting within the course and scope of her employment with Defendant USPS—a "federal agency," pursuant to 28 U.S.C. 2671—complained of herein "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

27. As a result of the act and omissions of the Defendant, Heaslip, complained of herein, the USPS vehicle the Defendant, Heaslip, was driving was in a collision with the Moped the Plaintiff, Suprenant, was driving and the Plaintiff, Suprenant, was knocked to the ground; struck her head against the pavement; sustained road rash across her body; and sustained serious and permanent injuries to her body, including her head, neck, back, shoulders, hips, tailbone, and knees.

28. The aforementioned collision was caused solely by the negligence of the Defendants.

29. As a result of the negligence, acts, and omissions of the Defendant, Heaslip, the Plaintiff, Suprenant, sought and continues to seek medical aid, attention and treatment; was prescribed prescription medications; incurred bills and became liable for said medical aid, attention, treatment, and prescriptions; and will continue to incur similar expenses into the foreseeable future.

6

30. The nature of the injuries the Plaintiff, Suprenant, sustained as a result of the acts and omissions of the Defendant, Heaslip, necessitate that the Plaintiff, Suprenant, receive future medical treatment in the form of radiofrequency ablations one or two times per year to alleviate chronic pain and expend monies for such treatment into the foreseeable future.

31. As a result of the negligence, acts and omissions of the Defendant, Heaslip, the Plaintiff, Suprenant, missed work and lost wages.

32. As a result of the negligence, acts and omissions of the Defendant, Heaslip, the Plaintiff, Suprenant, is unable to perform many of the tasks she previously performed and has suffered and continues to suffer a loss of earning capacity.

33. As a result of the negligence, acts and omissions of the Defendant, Heaslip, the Plaintiff, Suprenant, was unable to attend or participate in her usual and customary activities.

34. As a result of the negligence, acts, and omissions of the Defendant, Heaslip. The Plaintiff, Suprenant, suffered and continues to suffer physical pain and injury to her body and mind; suffered and continues to suffer mental anguish; and has been deprived of the ability to enjoy her life and will continue to be so deprived into the foreseeable future.

WHEREFORE, the Plaintiff, HALEY D. SUPRENANT, demands judgment against the Defendants, HEASLIP, USPS, and USA, jointly and severally:

35. For personal injury, past and future pain and suffering, past and future loss of enjoyment of life, past and future medical expenses, lost wages and loss of earning capacity in the amount of three million dollars ($3,000,000.00) together with costs and disbursements in this action; and

36. Any other relief the Court deems just and equitable.

Dated: January 24, 2022					By:	*s/ Nicholas L. Hermann*
							Nicholas L. Hermann
							SBN: 1082796
							Email: nh@gruber-law.com

							Nicholas E. Petty
							SBN: 1045791
							Email: nep@gruber-law.com

							Attorneys for Plaintiff, Haley D. Suprenant
							GRUBER LAW OFFICES, LLC
							100 E. Wisconsin Avenue, Suite 2800
							Milwaukee, WI 53202
							Telephone: (414) 276-6666
							Fax: (414) 977-3831